Jerry L. Steering, Esq. [State Bar No. 122509]
Brenton W. Aitken Hands [State Bar No. 308601]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com
brentonaitken@gmail.com

Attorneys for Plaintiff Lu Ann V. Barrio, individually and as successor in interest to Jonathan Wayne Barrio

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LU ANN V. BARRIO, individually and as successor in interest to JONATHAN WAYNE BARRIO,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDIINO; THOMAS LEVAN; ERIC CLINTON; TIMOTHY PLUNKETT; JOSEPH DUGAN; PAUL VUE; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 5:17-cv-02470-JGB (KKx)<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AS TO TIMOTHY PLUNKETT AND ERIC CLINTON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>HEARING DATE:   March 23, 2020<br>TIME:   9:00 a.m.<br>CTRM:   1<br><br>**UNITED STATES DISTRICT JUDGE JESUS G. BERNAL** |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AS TO TIMOTHY PLUNKETT AND ERIC CLINTON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

1

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## I. THIS COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS IN ITS ENTIRETY.

### A. The "Relation-Back" of Previously Unnamed "Doe Defendants" Under Cal. Code Civ. Proc § 474.

Plaintiff concurs with Defendants' statement of the law to the extent it suggests the running of the statute of limitations is grounds for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and to the extent it suggests that the applicable statute of limitations for the instant action under 42 U.S.C. § 1983 is California's two year statute of limitations for personal injury actions. (*See* Doc. 89 at 9-11 [citing *VanSaher v. Norton Simon Museum of Art of Pasadena*, 592 F. 3d 954, 969 (9th Cir. 2018); *Jablon v. Dean Wiittter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004); Cal. Code Civ. Proc. § 335.1].)

Cal. Code. Civ. Proc. § 474 provides:

> When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and **such defendant may be designated in any pleading or proceeding by any name**, and when his true name is discovered, the pleading or proceeding must be amended accordingly[.]

Cal. Code. Civ. Proc. § 474 (emphases added).[1] Thus, CCP § 474 allows a plaintiff to sue an unknown defendant "by any name," so long as plaintiff is "ignorant" of the "true

---

[1] CCP § 474 also provides:
that no default or default judgment shall be entered against a defendant so designated, unless it appears that the copy of the summons or other process, or, if there be no summons or process, the copy of the first pleading or notice served upon such defendant bore on the face thereof a notice stating in substance: "To the person served: You are hereby served in the within action (or proceedings) as (or on behalf of) the person sued under the fictitious name of (designating it)." The certificate or affidavit of service must state the fictitious name under which such defendant was served and the fact that notice

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AS TO TIMOTHY PLUNKETT AND ERIC CLINTON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

2

name," and "state[s] that fact in the complaint." Cal. Code. Civ. Proc. § 474. An allegation "stating that 'Doe' defendants are fictitiously named" "satisfies the purpose of identifying the fictitiously named defendants" under CCP § 474. *Dieckmann v. Superior Court*, 175 Cal.App.3d 345, 354 (Ct. App. 1985). Once the names of the "fictitious[ly] name[d]" defendants, i.e., the so-called "Doe defendants," are ascertained, the Plaintiff may amend the complaint to add Doe defendants' "true name[s]," and "the amendment is deemed to 'relate[ ] back' to the filing date of the original complaint for purposes of the statute of limitations." *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal.App.4th 1135, 1143 (2004) (quoting *Bernson v. Browning–Ferris Industries*, 7 Cal.4th 926, 930 (1994)) (alterations in original).

"California's policy in favor of litigating cases on their merits requires that the fictitious name statute be liberally construed." *Rumberg v. Weber Aircraft Corp.*, 424 F. Supp. 294, 297 (C.D. Cal. 1976) (citing *Barnes v. Wilson*, 40 Cal.App.3d 199 (1974)). CCP § 474 "should be . . . construed as to cure the evil it was designed to correct, and advance the remedy" of enabling Plaintiffs to bring suit against defendants whose names were previously unknown during the statute of limitations period. *Irving v. Carpentier*, 70 Cal. 23, 26 (1886). Under CCP § 474, the relevant fact is whether Plaintiff was "*actually ignorant* of [the Defendants' names]," and "not when he might, by the use of reasonable diligence, have discovered [those names]." *Irving*, 70 Cal. at 26 (emphasis

---

of identity was given by endorsement upon the document served as required by this section. The foregoing requirements for entry of a default or default judgment shall be applicable only as to fictitious names designated pursuant to this section and not in the event the plaintiff has sued the defendant by an erroneous name and shall not be applicable to entry of a default or default judgment based upon service, in the manner otherwise provided by law, of an amended pleading, process or notice designating defendant by his true name.

Cal. Code. Civ. Proc. § 474. The aforementioned requirements apply only to default judgments against unnamed defendants.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AS TO TIMOTHY PLUNKETT AND ERIC CLINTON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES

3

added). "[T]here is no requirement under section 474 that plaintiff exercise reasonable diligence in discovering either the true identity of fictitious defendants or the facts giving him a cause of action against such persons after the filing of a complaint and up to the expiration of the applicable limitation period." *Streicher v. Tommy's Elec. Co.*, 164 Cal. App. 3d 876, 883, 211 Cal. Rptr. 22, 26 (Ct. App. 1985) "Whether his ignorance is from misfortune or negligence, he is alike ignorant, and this is all the statute requires." *Irving*, 70 Cal. at 26.

"California courts have recognized that 'where an amendment does not add a 'new' defendant, but simply *corrects a misnomer by which an 'old' defendant was sued*,'" CCP § 474 authorizes the amended complaint to relate back to the original complaint. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1201 (9th Cir. 2014) (quoting *Hawkins v. Pac. Coast Bldg. Prods., Inc.,* 124 Cal.App.4th 1497 (2004)) (emphases added).

### B. Plaintiff's Claims Against Defendants Plunkett and Clinton are Not Time-barred Because, Under Cal. Code Civ. Proc. § 474, They Relate Back to the Filing Date of the Original Complaint.

Defendants admit that "[t]he original Complaint filed on December 12, 2017 . . . was timely with respect to the claims asserted against" the parties named therein. (Doc. 89 at 11.) Accordingly, for purposes of determining whether claims asserted in the Third Amended Complaint ("TAC") against defendants Plunkett and Clinton are timely, the only remaining question is whether they "relate back" to the original complaint.

Plaintiff's original Complaint identifies DOE defendants as "sworn peace officers *and/or* deputy sheriffs *and/or* supervisors *and/or* investigators and/ Special Officers *and/or* a dispatchers *and/or* some other public officer, public official *or* employee of defendant County of San Bernardino, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action[.]" (*See* Doc.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AS TO TIMOTHY PLUNKETT AND ERIC CLINTON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES
4

1 at ¶ 8 [emphases added].) Its descriptions of DOE defendants are phrased in the disjunctive. (*Ibid.*) The Complaint clarifies that "Plaintiff is presently unaware of the identities of DOES" and that Plaintiff "will amend his complaint to add . . . the actual names of said DOE defendants, when ascertained[.]" (Doc. 1 ¶ 11.) The plain language of the original Complaint, strictly construed, applies to "sworn peace officers," regardless of their employment status with the County of San Bernardino. Plaintiff subsequently learned that two DOE defendants—defendants Plunkett and Clinton—are "sworn police officers" employed with "Ridgecrest Police Department," and amended the Complaint accordingly. (Doc. 56 ¶¶ 9-19.) Because CCP § 474 allowed plaintiff to identify Plunkett and Clinton "by any name," and because the Complaint identified them as "sworn peace officers," and because the complaint clearly stated that Plaintiff was "unaware of [their] identities," Plaintiff's Complaint "satisfie[d] the purpose of identifying the fictitiously named defendants" under CCP § 474. *Dieckmann v. Superior Court*, 175 Cal.App.3d 345, 354 (Ct. App. 1985). *See* Cal. Code Civ. Proc. § 474. Plaintiff has not "pled the 'Does' in such a way to categorically exclude the substituted defendants." (*Cf.* Doc. 89 at 15.)

Moreover, even if a reference to "DOES" ' employment with "San Bernardino County" fell outside the scope of CCP § 474's language permitting designation of unknown defendants "in any pleading . . . by any name," the amendment naming defendants Plunkett and Clinton would relate back to the original Complaint because the "amendment does not add a 'new' defendant, but simply *corrects a misnomer* by which an 'old' defendant was sued." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1201 (9th Cir. 2014) (quoting *Hawkins v. Pac. Coast Bldg. Prods., Inc.,* 124 Cal.App.4th 1497 (2004)) (emphases added).

Defendants assert that "Plaintiff does not allege any justification for apparently waiting until 2019 to investigate, conduct discovery and learn that CHP and Ridgecrest

PD Officers were involved in the alleged incident," and "Plaintiff did nothing to investigate the incident, conduct formal discovery or obtain the names of the putative defendants before the statute of limitations expired." (Doc. 89 at 15.) Even if Defendants' assertion were true, it would be legally irrelevant because "there is no requirement under section 474 that plaintiff exercise reasonable diligence in discovering either the true identity of fictitious defendants or the facts giving him a cause of action against such persons after the filing of a complaint." *Streicher*, 164 Cal.App.3d at 883. Plaintiff is not obligated to offer a "justification" for not discovering Defendants' identities sooner. As the California Supreme Court explained, the only relevant inquiry here is whether Plaintiff was "actually ignorant," regardless of "[w]hether his ignorance is from misfortune or negligence." *Irving*, 70 Cal. at 26. So long as Plaintiff was ignorant of Defendants' "true name[s]," and timely filed his complaint against Defendants "by any name," that "is all the statute requires." *Ibid*.

Finally, Defendants' reliance on *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal.App.4th 1135 (2004) is misplaced. In that case, "the first amended complaint had no Doe allegations" whatsoever. *See Fireman's Fund.*, 114 Cal.App.4th at 1144. Thus, the *Fireman's Fund* plaintiffs' subsequent "Doe amendments did not relate back to the filing date of the original complaint." *Ibid*. In the instant case, by contrast, each version of Plaintiff Barrio's complaint referenced defendant "DOES." (*See* Doc. 1, 23, 29, 56.)

Thus, under CCP § 474, the claims asserted in the TAC against Defendants Plunkett and Clinton "relate back" to the filing date of the original complaint, which Defendants concede was "timely." (Doc. 89 at 11.) Accordingly, Plaintiff's claims against Defendants Plunkett and Clinton are not barred by the statute of limitations, and Defendants' motion under Fed. R. Civ. P. 12(b)(6) must therefore be denied.

//

//

## **CONCLUSION**

For the reasons above, Defendants' Motion to Dismiss should be DENIED.

Date: March 2, 2020

                                                    __s/_Brenton W. Aitken Hands_
                                                    Brenton W. Aitken Hands
                                                    Associate Attorney,
                                                    Law Office of Jerry L. Steering

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AS TO TIMOTHY PLUNKETT AND ERIC CLINTON PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES