1  SHANNON L. GUSTAFSON (SBN #228856)
   sgustafson@lynberg.com
2  **LYNBERG & WATKINS**
   A Professional Corporation
3  1100 Town & Country Road, Suite #1450
   Orange, California 92868
4  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
5

6  Attorneys for Defendant, COUNTY OF SAN BERNARDINO

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  LUANNE V. BARRIO, | CASE NO: EDCV 17-2470 JGB (KKx) |
| 12                Plaintiffs, | |
| 13 | **[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT** |
| 14        *vs.* | |
| 15  COUNTY OF SAN BERNARDINO; et al. | Date: April 13, 2020 |
| 16 | Time: 11:00 a.m. |
| 17 | Crtrm: 1 |
| 18                Defendants | |

19

20

21

22

23

24

25

26

27

28
                                    1
**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

1    Pursuant to Federal Rule of Civil Procedure Rule 26(f), a meeting was held
2 between counsel in advance of the scheduling conference. The meeting was attended
3 by: Brenton Hands of the Law Office of Jerry L. Steering, counsel for Plaintiff Lu
4 Ann Barrio; Shannon L. Gustafson, Deputy County Counsel, counsel for Defendant
5 County of San Bernardino and Defendant Levan; Douglas Baxter, Deputy Attorney
6 General, counsel for Defendants Dugan and Vue; and Alexander Lemieux of
7 Olivarez, Madruga, Lemieux and O'Neill counsel for Defendants Plunkett and
8 Clinton.  The parties previously submitted a draft report based upon this meeting.
9 The parties have since discussed the issues further and believe that the dates
10 proposed need to be modified in light of the COVID crisis.  In particular, given the
11 health concerns involved with serving witness subpoenas and the difficulties with
12 conducting video depositions involving multiple parties and exhibits, the parties
13 believe that more time will be needed to complete discovery in this matter than was
14 initially proposed.

15    **A. <u>Statement of the Case</u>**

16        **1. *According to Plaintiff***

17    On December 23, 2016, San Bernardino County Sheriff's Department deputy
18 sheriff Thomas Levan was dispatched to Trona, California, following a report of an
19 unwanted subject causing a disturbance in a residential area. Deputy Levan
20 responded to the call for service and saw that plaintiff's Decedent, Jonathan Barrio
21 (DECDENT), was acting strangely; like someone under the influence of a large dose
22 of narcotics.

23    Deputy Levan attempted to stop located DECDENT, who he followed around
24 a country restaurant several time. With the assistance of two civilians, he was able to
25 handcuff DECDENT and get him on the ground.

26
27
28

**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

1    Another call for assistance was made by Deputy Levan, and CHP Officers
2  Joseph Dugan and Paul Vue, and Ridgecrest Policed Department Officers Timothy
3  Plunkett and Eric Clinton all arrived at the scene.

4    Deputy Levan and Officer Vue handcuffed DECEDENT, and the Deputy and
5  the Officers held down DECEDENT on the ground, hobbled him, placed him on a
6  soft stretcher and placed him in the back seat of Deputy Levan's patrol car; all while
7  DECEDENT was in obvious medical distress from a large amount of some
8  unknown narcotic[1].

9    The deputy and the officers then pinned DECEDENT down on the back seat
10  of Deputy Levan's patrol vehicle. While some of them held DECEDENT's head
11  down on the stretcher in the back seat, Levan and Vue placed leg irons on
12  DECEDENT's ankles and were in the process of placing another hobble strap on
13  DECEDENT to pin his legs down on the floor of the patrol car, to prevent him from
14  being able to move them at all.

15    The restraining of DECEDENT was too much for him to bear, and he went
16  out of consciousness and died on the way to the hospital in an ambulance that was
17  summoned.

18    The method of restraint of DECEDENT was so severe, that it literally killed
19  him.

20    DECEDENT's sole surviving heir is his mother, plaintiff Lu ann Barrio.

21    **2.** *According to Defendants*

22    This lawsuit arises from the death of Decedent Jonathan Wayne Barrio
23  following his detention by law enforcement. At the time of the incident, Mr. Barrio
24  was observed engaging in erratic behavior and displaying signs of being under the

25

26

27  _____

28  [1] That turned out to be methamphetamine.

**3**

**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

1  influence of a controlled substance, thereby prompting law enforcement to detain

2  him due to concerns for his safety and that of the public.

3      On December 23, 2016, a County deputy was dispatched to Trona, California,

4  following a report of an unwanted subject causing a disturbance in a residential area.

5  The deputy located the subject, later identified as Jonathan Wayne Barrio, at a

6  nearby restaurant.  The deputy observed Mr. Barrio speaking very quickly and

7  loudly and he appeared extremely agitated. The deputy also observed what appeared

8  to be a glass pipe in Mr. Barrio's possession.  Given these observations, the deputy

9  attempted to question Mr. Barrio to ascertain his name and whether he had taken

10  any drugs. However, Mr. Barrio was incoherent, and spoke in gibberish. Mr. Barrio

11  walked away from the deputy.

12      The deputy attempted to handcuff Mr. Barrio. However, Mr. Barrio resisted

13  the deputy's efforts, prompting bystanders who had been witnessing Mr. Barrio's

14  bizarre behavior to voluntarily assist the deputy in securing Mr. Barrio.  With the

15  assistance of these citizens, the deputy was able to get Barrio into the back of the

16  patrol vehicle until he could wait for additional officers to arrive so that Barrio could

17  be secured for transport. Once inside, Mr. Barrio attempted to kick at the rear

18  window and continued to scream profanities.

19      Shortly thereafter, several officers from neighboring jurisdictions arrived for

20  assistance in securing Barrio in a seated position where he would not be able to kick

21  at the windows. While attempting to secure Barrio, officers repeatedly instructed

22  Mr. Barrio to relax and to stop resisting. However, Mr. Barrio ignored these

23  commands and continued to resist.  Suddenly and without warning, Mr. Barrio

24  ceased moving. Volunteer fire personnel who were already on scene rendered

25  medical aid. Mr. Barrio was transported to Ridgecrest Regional Hospital, where Mr.

26  Barrio was later pronounced deceased.

27

28

**4**

**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

1  An autopsy conducted of Mr. Barrio determined his cause of death to be
2  cardiopulmonary arrest. Methamphetamine intoxication was noted as a significant
3  contributing factor.

4  Defendants deny that Plaintiff and Decedent suffered any constitutional
5  violation as a result of the incident, as the actions of  law enforcement were
6  reasonable at all times and supported by legitimate public and law enforcement
7  safety concerns. On this basis, Defendants deny Plaintiff suffered any compensable
8  damages or loss in any sum, or at all.

9  **Subject matter Jurisdiction**

10  This Court has subject matter jurisdiction over Plaintiff's federal question and
11  civil rights claims pursuant to 28 U.S.C. § § 1331 and 1343.  This Court has
12  jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as
13  those claims arise out of the same transactions and occurrences as Plaintiff's federal
14  question claims.

15  **B. Legal Issues**

16  1) Whether the County of San Bernardino failed to adequately train
17  Deputy Levan and whether such failure was the cause of Mr.
18  Barrio's death;

19  2)  Whether an unconstitutional policy, practice, or custom of
20  Defendant County of San Bernardino was the cause of Mr.
21  Barrio's death;

22

23  3) Whether Defendants used excessive force in violation of
24  decedent's Fourth Amendment rights;

25  4) Whether the individual Defendants' conduct shocked the
26  conscience resulting in a violation of Plaintiff Luann Barrio's
27  Fourteenth Amendment rights ;

28

**5**

**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

5) Whether the individual Defendants are entitled to qualified immunity;

6) Whether the claims against the individual Defendants are barred by the statute of limitations;

7) Whether Plaintiff's state law claim for wrongful death against the Ridgecrest Police Officer Defendants and the CHP Officer Defendants is barred by Plaintiff's failure to comply with the California Government Claims filing requirements for those Defendants?

8) Whether the alleged force by Defendants was the medical cause of decedent's death/injuries?

9) The nature and extent of Plaintiff's injuries and damages.

C. **Parties, Evidence, Etc.**

The Plaintiff in this case is Lu Ann Barrio, mother of Decedent Jonathan Wayne Barrio. The Defendants in this matter are the County of San Bernardino, San Bernardino County Deputy Thomas Levan, CHP Officers Joseph Dugan and Paul Vue, and Ridgecrest Policed Department Officers Timothy Plunkett and Eric Clinton.

D. **Damages**

Plaintiff seeks damages for the loss of the relationship with her son.

E. **Insurance**

Not applicable.

F. **Motions**

Defendants anticipate filing discovery motions and motions *in limine* where appropriate. Defendants also anticipates filing Motions for Summary Judgment depending on information learned through discovery.

**6**

**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

**G. <u>Manual for Complex Litigation</u>**

The parties are not requesting changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.  There are no anticipated issues about disclosure or discovery of electronically stored information.

Counsel agree that no changes should be made as to discovery as it is governed by law or Local Rule and that this is not a case which is sufficiently complex to be governed by the procedures of the federal "Manual for Complex Litigation."

**H. <u>Status of Discovery</u>**

Plaintiff and Defendant County of San Bernardino previously conducted written discovery.  The individual Defendants have only recently responded in this matter and have not yet commenced discovery.

**I. <u>Discovery Plan</u>**

Defendants anticipate deposing Plaintiff. Defendants anticipate deposing other witnesses to the incident and other witnesses with knowledge regarding Decedent's injuries and Plaintiff's injuries and damages claims. Plaintiff anticipates deposing the named Defendants in this matter.

**J. <u>Discovery Cut-Off</u>**

The parties propose the following date for non-expert discovery cut-off:

**February 19, 2021**

**K. <u>Expert Discovery</u>**

The parties propose the following date for initial expert disclosures:

**December 31, 2020**

The parties propose the following date for rebuttal expert disclosures:

**February 1, 2021**

The parties propose the following date for expert discovery cut-off:

**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

February 19, 2021

L. **Dispositive Motions**

Defendants anticipate filing motions for summary judgment/adjudication.

The parties propose the following date for a Motion Hearing cut-off:

**March 15, 2021**

M. **Settlement/Alternative Dispute Resolution (ADR)**

No efforts have been made to settle this case to date.   The parties request ADR procedure 2-  Mediation with a neutral before the Court's panel.

Defendants Vue and Dugan agree to ADR procedure 2, but object to the panel mediator previously assigned to this case, Richard Copeland, and are requesting a different assignment.

N. **Trial Estimate**

The parties have requested trial by jury and estimate the length of the trial at approximately five to seven court days.

The parties propose the following dates:

**Pre Trial Conference: April 12, 2021**

**Trial:  May 4, 2021**

O. **Trial Counsel**

Jerry L. Steering will be trial counsel for Plaintiff Lu Ann Barrio.

Shannon L. Gustafson will be trial counsel for Defendant County of San Bernardino and Thomas Levan.

Douglas Baxter will be trial counsel for Defendants Dugan and Vue.

Thomas Madruga will be trial counsel for Defendants Plunkett and Clinton.

**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

1    **P. <u>Independent Expert or Master</u>**

2         Counsel agree that neither a discovery master nor independent scientific

3  expert are needed for this lawsuit at this time.

4

5  DATED: April  3, 2020           LAW OFFICES OF JERRY L. STEERING

6                           County Counsel

7

8                           */s/ Jerry Steering*

                              JERRY STEERING

9                            Attorneys for Plaintiffs

10  DATED: April 3, 2020             LYNBERG & WATKINS

11

12                           */s/Shannon L. Gustafson*

13                            SHANNON L. GUSTAFSON

                            Deputy County Counsel

14                            Attorneys for Defendant County of San

                            Bernardino and Thomas Levan

15  DATED: April 3, 2020             XAVIER BECERRA

16                            Attorney General of California

17                            RICHARD WOLFE

                            Supervising Deputy Attorney General

18

19

20                           */s/Douglas E. Baxter*

                            DOUGLAS E. BAXTER

21                            Deputy Attorney General

22                            Attorneys for Defendant Dugan and Vue

23

24

25

26

27

28

**9**

**[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

1    DATED: April  3, 2020          OLIVAREZ MADRUGA LEMIUEX
2                                   O'NEILL, LLP

3

4                                   /s/Thomas M. Madruga
5                                   Thomas Madruga
6                                   Attorneys for Defendants Plunkett and
                                    Clinton
7

8

9         I certify that all other signatories listed, and on whose behalf the filing is
10   submitted, concur in the filing's content and have authorized the filing.

11

12                                  /s/ Shannon L. Gustafson
13                                  SHANNON L. GUSTAFSON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    **10**
     **[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT**

Case Name: ***Barrio v. County of San Bernardino***
Case No.:    EDCV 17-2470 JGB (KKx)

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action.  My business address is 1100 Town & Country Rd., Suite 1450, Orange, California 92868.

On **April 6, 2020**, I served the foregoing document(s) described as **[PROPOSED] REVISED JOINT SCHEDULING CONFERENCE REPORT** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

☐   **BY MAIL**: As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, I deposited such envelope in the mail at Orange, California.

☒   **BY E-SERVE:** The above listed document(s) were electronically served via the USDC Central District's CM/ECF system and the Notice of Electronic Filing (NEF) indicates the registered party and/or attorney were served with the above documents.

☐   **BY ELECTRONIC MAIL:**  I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted at the respective email address(es) indicated.

☐   **BY FACSIMILE:**  I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via facsimile at the respective telephone numbers indicated above.

☐   **BY FEDERAL EXPRESS/OVERNIGHT MAIL**:  I caused the above-described document to be served on the interested parties noted as follows by Federal Express/Overnight Mail.

☐   **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the office(s) of the addressee via messenger.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **April 6, 2020**, at Orange, California.

/s/  Olivia Banke
**OLIVIA BANKE**

1

## <u>SERVICE LIST</u>

2

3       Jerry L. Steering, Esq.                                Attorney for Plaintiff
        4063 Birch Street, #100
4       Newport Beach, CA 92660

5       Douglas E. Baxter, Esq.                                Attorney for Defendant
        CAAG – OFFICE OF THE ATTORNEY GENERAL        Joseph Dugan
6       Ca Dept. of Justice
7       600 West Broadway, #1800
        San Diego, CA 92101
8

9       Thomas M. Madruga, Esq.                                Attorney for Defendants
        Olivarez Madruga Lemieux O'Neill, LLP                  Timothy Plunkett and
10      500 South Grand Avenue 12th Floor                      Eric Clinton
11      Los Angeles, CA 90071

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28